UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Messerli & Kramer P.A., | |
| Plaintiff, | **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |
| vs. | |
| Jim Ludwig, Minnillo Law Group Co., LPA, and Chad Reynolds, | |
| Defendants. | |

Messerli & Kramer P.A. ("Messerli"), for its Complaint against Jim Ludwig ("Attorney Ludwig"), Minnillo Law Group Co., LPA ("Minnillo Law Group") and Chad Reynolds ("Reynolds") states and alleges as follows:

## INTRODUCTION

1. This case arises from a threatened FDCPA lawsuit and excessive settlement demand from Attorney Jim Ludwig of Minnillo Law Group Co., LPA on behalf of his client, consumer-defendant Chad Reynolds. Messerli's Complaint for Declaratory Judgment and Injunctive Relief seeks a judicial declaration pursuant to 28 U.S.C. § 2201, Minnesota Statutes Section 555.01 *et seq.* and Federal Rule of Civil Procedure 57 that Messerli has not violated the FDCPA; that the threatened venue of the Southern District of Ohio was improper, and that Attorney Ludwig's settlement demand of $5,000.00 per

1

defendant is contrary to law. Messerli is also seeking an injunction enjoining Attorney Ludwig on behalf of his client Chad Reynolds from filing the threatened FDCPA suit of *Chad Reynolds v. Messerli & Kramer P.A., William C. Hicks, Brianna M. Graham, Jefferson C. Pappas, and Alicia Westerhoff*, ("*Reynolds v. Messerli et. al.*") in the Southern District of Ohio, because the venue is wholly improper and the Ohio Court lacks jurisdiction. Because of the baseless FDCPA allegations pled by Reynolds, the improper venue in which the FDCPA action against Messerli has been threatened, and the disproportionate settlement demand that far exceeds any recovery permitted under 15 U.S.C. section 1692 *et seq.*, declaratory and injunctive relief declaring that Messerli has not violated the FDCPA and prohibiting Attorney Ludwig and Reynolds from commencing the *Reynolds v Messerli et al.* action in the Southern District of Ohio is warranted.

## PARTIES, JURISDICTION AND VENUE

2. Plaintiff Messerli & Kramer P.A., is a law firm with headquarters in Minneapolis, Minnesota.

3. On information and belief, Attorney Jim Ludwig ("Attorney Ludwig") is an attorney licensed in the state of Ohio, (Bar License #0065234.)

4. On information and belief, the Minnillo Law Group Co., LPA ("Minnillo Law Group") is a Professional Association organized under the laws of the State of Ohio with its headquarters located in Ohio. The Minnillo

Law Group has a registered agent in Ohio, at 2712 Observatory Avenue, Cincinnati, Ohio 45208.

5. On information and belief, Defendant Chad Reynolds is a natural person who resides in Hamilton County, Ohio.

6. This Court's jurisdiction arises under 28 U.S.C. § 1332.

7. Venue is proper in this District because the acts and transactions at issue occurred here, the facts and procedural history of the collection action which form the basis of Reynolds' threatened FDCPA Complaint occurred here, and Plaintiff transacts business here.

8. Venue is appropriate in this forum because a significant portion of the events giving rise to this cause of action occurred in Minnesota.

## FACTUAL BACKGROUND

9. In May of 2020, a defaulted credit card account previously opened by Mr. Reynolds with Credit One Bank, N.A., and subsequently purchased after charge-off by LVNV Funding LLC was placed with Messerli for collection.

10. Relying upon location information provided by its client, Messerli sent an initial demand letter pursuant to 15 U.S.C. section 1692g to the Minnesota address provided to Messerli by its client (603 3rd NW Avenue, Apt. 104, Isanti, MN, 55040) ("Isanti Address.")  Messerli did not receive

return mail and thus had reason to believe that the Isanti Address provided by its client was correct.

11. Messerli proceeded to file a Statement of Claim with the Isanti County Conciliation Court, which was mailed to the Isanti Address provided by Messerli's client. No return mail or response was received.

12. A hearing date of November 16, 2020 was set by the Court and a Notice of Hearing was mailed by the Court to all parties on or about September 30, 2020. No return mail or response was received.

13. Mr. Reynolds did not appear at the November 16, 2020 court hearing and judgment was entered.

14. Following the entry of judgment, Messerli served a Notice of Intent to Garnish to Mr. Reynolds at the Isanti address and did not receive any response.

15. On information and belief, Mr. Reynolds works at Sun Chemical Corporation.

16. On information and belief, Sun Chemical Corporation has at least one Minnesota location in St. Paul.

17. An employer garnishment summons was sent to Mr. Reynolds' employer, Sun Chemical Corporation, via US Mail on or about July 21, 2021. The garnishment summons was sent to Sun Chemical Corporation's global

headquarters in New Jersey, upon information and belief where payroll is processed for the company.

19. Mr. Reynolds' Minnesota address, in combination with Sun Chemical's Minnesota location, resulted in Messerli having a *bona fide* belief that Mr. Reynolds lived and worked in Minnesota at the time that judgment was entered and garnishment was attempted.

19. Messerli was first notified that Mr. Reynolds was living and working in Ohio when he called Messerli on August 26, 2021.

20. Following a phone conversation with Mr. Reynolds, Messerli promptly requested a release of the employer garnishment from Sun Chemical Corporation via fax to the employer and returned any and all garnished funds back to Mr. Reynolds.

21. Also following the August 26, 2021 phone conversation with Mr. Reynolds, Messerli filed a request to vacate the judgment with the Isanti County court, which was granted; the judgment against Mr. Reynolds was vacated and case was dismissed (Isanti County Court File No. 30-CV-20-608.)

22. On September 22, 2021, Attorney Ludwig sent an email to Attorney William Hicks of Messerli & Kramer P.A., threatening FDCPA violations related to the Isanti County judgment and the ensuing garnishment action.

5

618471

23. On September 23, 2021, Attorney Stephanie Lamphere ("Attorney Lamphere") of Messerli & Kramer P.A., sent a responsive email to Attorney Ludwig explaining the steps Messerli had taken to remedy Mr. Reynolds' alleged harms, including releasing the garnishment, refunding any garnished funds, and requesting the Court vacate the judgment.

24. Attorney Ludwig responded the same day that he would be drafting a FDCPA complaint. A true and correct copy of the September 23, 2021 email correspondence is attached hereto as **Exhibit A.**

25. On November 11, 2021, Attorney Ludwig emailed a copy of a draft FDCPA Complaint against Messerli & Kramer P.A. and four of its attorneys, to Attorney Lamphere. A true and correct copy of the draft Complaint is attached hereto as **Exhibit B.**

26. The draft Complaint is venued in the Southern District of Ohio.

27. Messerli is headquartered in Minneapolis, Minnesota.

28. All four (4) of the Messerli attorneys named in the threatened FDCPA Complaint reside in Minnesota.

29. In response to the draft Complaint, Messerli requested a settlement demand in an effort to avoid expensive and unnecessary litigation and court filing fees.

30. Attorney Ludwig on behalf of his client Mr. Reynolds demanded a settlement of $5,000.00 per Defendant, for a total demand of $25,000.00. This demand far exceeds the permitted statutory recovery under the FDCPA.

31. The maximum statutory recovery under the FDCPA is $1,000.00 ***per action***; not per violation, communication or debt. 15 U.S.C. § 1692k(a)(2)(A); *see Picht v. Hawks*, 77 F. Supp. 2d 1041, 1045 (D. Minn. 1999); *see also Goins v. JBC & Assocs., P.C.*, 352 F. Supp. 2d 262, 267 (D. Conn. 2005) (quoting *Harper v. Better Business Services, Inc.*, 961 F.2d 1561, 1563 (11th Cir. 1992) (holding that additional damages were limited to $1,000.00 per action because "the FDCPA does not on its face authorize additional statutory damages of $1,000 per violation of the statute, or $1,000 per improper communication, or of $1,000 per alleged debt. If Congress had intended such limitations, it could have used that terminology."); and *Wright v. Finance Service of Norwalk, Inc.*, 22 F.3d 647, 651 (6th Cir. 1994) ("Congress intended to limit "other damages" to $1,000 per proceeding, not to $1,000 per violation.")  Attorney Ludwig's demand far exceeds any appropriate or reasonable recovery under the FDCPA.

32. Messerli reasonably relied on information provided by its client and took prompt action to remedy any issues in the underlying collection lawsuit, *LVNV Funding LLC v. Chad Reynolds*, and ensuing garnishment action.

618471

33.     Any alleged violation of the FDCPA was unintentional and resulted from a *bona fide error.*

## DECLARATORY JUDGMENT

34.     Messerli repeats and realleges each and every allegation set forth above as though fully set forth herein.

35.     Messerli is entitled to declaratory and injunctive relief pursuant to 28 U.S.C. § 2201 and Minn. Stat. § 555.01 holding that there has been no FDCPA violation and that the venue of the Southern District of Ohio is improper.

36.     For the reasons stated herein, a declaration that Messerli has not violated the FDCPA and that venue in Ohio is improper, and an injunction enjoining Attorney Ludwig and his client Chad Reynolds from commencing the threatened FDCPA action in the Southern District of Ohio, is appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment against Defendant(s) as follows:

1. A declaratory judgment pursuant to 28 U.S.C. § 2201 and Minnesota Statute § 555.01 that Messerli has not violated any provision of the FDCPA for its conduct arising from the underlying collection matter;
2. A declaratory judgment that the Southern District of Ohio is the improper venue for commencement of Mr. Reynolds' threatened FDCPA action;

618471

3. A preliminary and permanent injunction enjoining Defendants Ludwig and Chad Reynolds from filing the threatened FDCPA action of *Chad Reynolds v. Messerli & Kramer P.A., William C. Hicks, Brianna M. Graham, Jefferson C. Pappas, and Alicia Westerhoff*, or enforcing any awards granted therein;
4. An award of costs, disbursements, prejudgment interest and attorneys' fees incurred herein if permitted by law;
5. An award of such other and further relief as the Court deems just and equitable.

Dated: November 18, 2021

        **MESSERLI & KRAMER P.A.**
        *s/Derrick N. Weber*
        Derrick N. Weber #241623
        Stephanie S. Lamphere #396794
        3033 Campus Drive, Suite 250
        Plymouth, MN 55447-5344
        Telephone: (763) 548-7900
        dweber@messerlikramer.com
        slamphere@messerlikramer.com
        **ATTORNEYS FOR PLAINTIFF**
        **MESSERLI & KRAMER P.A.**